24CA1318 Peo v Gonzalez 07-23-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1318
Douglas County District Court No. 21CR248
Honorable Natalie Stricklin, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jessica Laura Gonzalez,

Defendant-Appellant.

---

SENTENCE AFFIRMED, ORDER REVERSED,
AND CASE REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE BROWN
Harris and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 23, 2026

---

Philip J. Weiser, Attorney General, Sonia Raichur Russo, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lauretta A. Martin Neff, Alternate Defense Counsel, Montrose, Colorado, for
Defendant-Appellant

¶ 1     Defendant, Jessica Laura Gonzalez, appeals her sentence and the district court's order awarding her presentence confinement credit (PSCC).  We affirm the sentence.  But because we conclude that Gonzalez is entitled to additional PSCC, we reverse that order and remand for correction of the mittimus.

## I.     Background

¶ 2     Gonzalez was arrested after she attempted to pick up a child from school over whom she did not have custody and refused to leave school property.  During her arrest and while she was at the hospital for a medical clearance, Gonzalez refused and had to be forced to comply with police officers' directions.  Eventually, the officers brought Gonzalez to jail, where she was searched.  Jail staff found 0.5 grams of methamphetamine on her person.

¶ 3     Gonzalez was charged with six counts of second degree assault, introducing contraband, violation of a protection order, unlawful possession of a controlled substance, obstructing a police officer, and third degree criminal trespass.  She agreed to plead guilty to three counts of assault on a peace officer, introduction of contraband, and possession of a controlled substance, and the prosecution agreed to dismiss the remaining counts.  The plea

agreement included a sentencing stipulation: Gonzalez would be sentenced to a controlling term of six years in community corrections, but if she was accepted and then later rejected from community corrections, the sentence would automatically convert to eight years in the custody of the Department of Corrections (DOC).[1]

¶ 4     The district court accepted Gonzalez's plea and sentenced her accordingly.[2]  Gonzalez was initially accepted and then rejected from community corrections.  Pursuant to the plea agreement, the court resentenced Gonzalez to eight years in DOC custody.

---

[1] The plea agreement stipulated that Gonzalez would be sentenced as follows: (1) for each of the assault counts, to concurrent sentences of six years in community corrections, but if Gonzalez was accepted and later rejected from community corrections, to concurrent sentences of eight years in DOC custody; (2) for the contraband count, to three years in community corrections, concurrent with the other sentences, but if Gonzalez was rejected from community corrections, to three years in DOC custody, concurrent with the other sentences; and (3) for the possession count, to eighteen months in jail to be served in community corrections or DOC custody, concurrent with the other sentences.
[2] After Gonzalez pleaded guilty but before she was sentenced, she was deemed incompetent to proceed.  Following her restoration to competency nine months later, Gonzalez was sentenced.

## II. Analysis

¶ 5　　Gonzalez contends that the district court erred by (1) failing to rule on her motions requesting substitute counsel before resentencing and (2) incorrectly calculating her PSCC. We reject her first contention but agree with her second.

### A. Gonzalez's Motions for Substitute Counsel for Resentencing

¶ 6　　Gonzalez contends that the district court violated her Sixth Amendment right to counsel when it failed to inquire into or rule on her motions for substitute counsel before resentencing. We disagree.

### 1. Additional Facts

¶ 7 Between her discharge from community corrections and her resentencing, Gonzalez filed three pro se motions with the district court.[3]

¶ 8 First, Gonzalez filed a "motion to terminate." Gonzalez argued that she "was not properly represented by [her] appointed attorney . . . and was not properly advised" regarding her plea. She requested that the court "con[s]ider [her] innocence claim," look at the length of her sentence and "deem it cruel and unusual[]," and "credit [her for] time served and close the case." The court did not immediately rule on the motion.

---

[3] Even though she was represented by counsel and/or deemed incompetent at the time, Gonzalez also filed several pro se motions with the district court after she pleaded guilty but before her original sentencing. In her opening brief, Gonzalez appealed only her resentencing, asking that we "put[] the case back to the place at which it derailed before resentencing." She did not ask us to vacate her plea or reverse her original sentence, so any motions she filed before her original sentencing are irrelevant to the challenge raised on appeal. But in her reply brief, Gonzalez's arguments changed significantly. Based on those earlier motions, Gonzalez sought much broader relief relative to her plea and original sentence, even arguing that structural error resulted from the court's refusal to allow her to represent herself. Because those arguments were raised for the first time in her reply brief, we do not consider them. *People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007).

¶ 9 Next, Gonzalez filed a Crim. P. 35(c) motion for postconviction relief. The motion was handwritten and many sections of it are faint and illegible. The court did not immediately rule on the motion.

¶ 10 Finally, Gonzalez filed a Crim. P. 35(b) motion, noting that she had separately asked the court to terminate her counsel and let her proceed pro se and asking the court to reconsider her sentence. The court denied this motion because Gonzalez had stipulated in her plea agreement that there would be "no reconsideration or reduction later without advance agreement of the prosecution," and the prosecution expressly opposed the motion.

¶ 11 The district court held Gonzalez's resentencing hearing almost two months after Gonzalez filed her last pro se motion. At the hearing, Gonzalez was represented by the public defender. The prosecutor asked the court to impose the sentence contemplated by the plea agreement. Defense counsel requested only that the sentence run concurrently to sentences Gonzalez was already serving for convictions in three Denver cases. Before resentencing Gonzalez, the court asked her, "[I]s there anything that you would like to tell me prior to being resentenced this afternoon?" Gonzalez

5

responded, "Not at this time, Your Honor."  The court then resentenced Gonzalez to a controlling term of eight years in DOC custody pursuant to the plea agreement.  It also ordered that the sentence run concurrently to the Denver sentences, as defense counsel requested.

¶ 12    Three days after the resentencing hearing, the district court ruled on Gonzalez's motion to terminate and her Crim. P. 35(c) motion.  For the motion to terminate, the court concluded that the motion was moot.  It noted that the public defender had filed a notice of automatic election of representation and entry of appearance before resentencing and advised that if Gonzalez wished to proceed pro se, she would need to file further requests.  For the Crim. P. 35(c) motion, the court explained that it was unable to consider the motion because it was illegible.  It appointed the public defender (or alternate defense counsel if the public defender had a conflict) to represent Gonzalez in connection with the motion.  And it ordered Gonzalez's counsel to "file any pleadings they believe are appropriate given the current facts of the case."

### 2. Applicable Law and Standard of Review

¶ 13    "[W]hen an indigent defendant voices objections to court-appointed counsel, the trial court has the obligation to inquire into the reasons for the dissatisfaction." *People v. Bergerud*, 223 P.3d 686, 694 (Colo. 2010) (quoting *People v. Arguello*, 772 P.2d 87, 94 (Colo. 1989)).  But if a defendant fails to request substitute counsel, the court is not required to make a sua sponte inquiry into whether substitution is necessary.  *See People v. Faussett*, 2016 COA 94M, ¶ 20.  The defendant must establish good cause — for example, a complete breakdown in communication, a conflict of interest, or an irreconcilable conflict that could lead to an apparently unjust verdict — before the court must appoint substitute counsel.  *Id.* at ¶ 21.

¶ 14    "We review a district court's decision to deny an indigent defendant's request for substitution of counsel for an abuse of discretion." *People v. Thornton*, 251 P.3d 1147, 1151 (Colo. App. 2010).  A court abuses its discretion when "its ruling is 'manifestly arbitrary, unreasonable, or unfair,'" or when "it is based on an erroneous view of the law." *People v. Elmarr*, 2015 CO 53, ¶ 20 (quoting *People v. Stewart*, 55 P.3d 107, 122 (Colo. 2002)).

### 3. The District Court Did Not Err by Not Inquiring Into Gonzalez's Request for Substitute Counsel

¶ 15    Gonzalez argues that the district court failed to inquire into her requests for substitute counsel for resentencing. But none of the motions she filed before resentencing requested substitute counsel. Gonzalez's "motion to terminate" expressed dissatisfaction with how her counsel had performed previously, but it did not ask for substitute counsel for resentencing; rather, Gonzalez asked to be credited with time served and for the case to be closed. Although Gonzalez argued in her Crim. P. 35(c) motion that she had a right to fire her attorney that had not been honored, as best we can tell from the largely illegible motion, Gonzalez did not request substitute counsel for resentencing. And in her Crim. P. 35(b) motion, Gonzalez indicated that she had asked to terminate counsel and represent herself, but she did not request substitute counsel; rather, she asked that her sentence be reduced. Moreover, before the court resentenced Gonzalez, it gave her an opportunity to voice concerns about counsel or raise any other issue, and Gonzalez declined.

¶ 16 We are not persuaded otherwise by Gonzalez's argument that "talismanic language and appropriate legal lexicon are not required to acknowledge an indigent defendant's complaints about counsel." She argues, for example, that her motion to terminate "clearly indicated her desire to terminate representation" because the motion was titled "motion to terminate" and because she mentioned that she was not properly represented by her public defender. Although the district court must construe pro se pleadings liberally, it is not the court's role to "act as an advocate for a pro se litigant." *People v. Cali*, 2020 CO 20, ¶ 34; *see also Minshall v. Johnston*, 2018 COA 44, ¶ 21 (Although the district court "must interpret pro se pleadings and motions liberally, liberal construction does not include inventing arguments not made by the pro se party."). We conclude that the district court did not abuse its discretion by failing to inquire into Gonzalez's request for substitute counsel because she never made one.

B.    Gonzalez's Request for Additional PSCC

¶ 17 Gonzalez contends that the district court erroneously awarded her 584 days of PSCC. We agree and conclude that she is entitled to 675 days of PSCC.

### 1.  Applicable Law and Standard of Review

¶ 18    Under section 18-1.3-405, C.R.S. 2025, "[a] person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of [their] sentence for the entire period of such confinement."  A defendant is entitled to PSCC if they are confined prior to sentencing or resentencing. *People v. Jim*, 2017 COA 123, ¶ 12.

¶ 19    We consider three principles when applying this statute. *Russell v. People*, 2020 CO 37, ¶ 21.  First, "a defendant is entitled to PSCC for each day served where there is a substantial nexus between the charge or conduct for which [they are] confined and the sentence that is ultimately imposed." *Id.* at ¶ 16.  A substantial nexus exists "where the defendant would have *remained confined* on the charge or conduct for which credit is sought *in the absence* of any other charge." *Id.* at ¶ 24.  Second, "[w]hen determining whether a substantial nexus exists, causation, not geography, is the defining question." *Id.* at ¶ 25.  And third, "a defendant is not entitled to duplicative PSCC." *Id.* at ¶ 26.

¶ 20    The district court is responsible for "mak[ing] a finding of the amount of PSCC, if any, to which a defendant is entitled, and to

enter that amount on the mittimus." *People v. Henry*, 2013 COA 104M, ¶ 8. "[P]reservation is not required for review of a claim on direct appeal that a defendant has not received the amount of PSCC to which [they are] entitled." *Fransua v. People*, 2019 CO 96, ¶ 13. "We review whether a district court properly awarded PSCC de novo." *People v. Wentling*, 2015 COA 172, ¶ 47; *see Russell*, ¶ 18.

### 2.    Gonzalez Is Entitled to Additional PSCC

¶ 21    Gonzalez was originally sentenced on September 29, 2023, and granted 396 days of PSCC.[4]  Gonzalez was accepted into a community corrections program in Sterling on February 7, 2024, but rejected on March 27, 2024.  Gonzalez served forty-nine days in community corrections and was awarded an additional six days of earned time.  The district court resentenced Gonzalez on June 28, 2024, and awarded her 584 days of PSCC.

¶ 22    Gonzalez contends that she is entitled to more PSCC because she remained confined for the entire period between her original sentencing and her resentencing — 273 days — and earned six

---

[4] Appellate counsel admittedly transposed numbers when referencing the amount of PSCC Gonzalez was credited at her original sentencing.  The mittimus reflects 396 days of PSCC.

11

additional days, which should be added to the 396 days of PSCC she was awarded at her original sentencing.

¶ 23 The record supports a finding that Gonzalez was never out of custody from the day she was originally sentenced to the day she was resentenced. The record does not reflect that Gonzalez posted bond or was released for any other reason during this period. In addition, there is a substantial nexus between the charged conduct and the sentence imposed. *See Russell*, ¶ 16. At the time Gonzalez was rejected from community corrections, she was serving at least three other sentences. But it is clear from the record that, even in the absence of the other sentences, Gonzalez would have remained confined on the charged conduct between sentencing and resentencing. *See id.* at ¶ 24. Finally, the record does not reflect that the PSCC Gonzalez seeks has been credited against any other sentence, so it is not duplicative. *See id.* at ¶ 26.

¶ 24 Combining the 273 days Gonzalez was in custody between sentencing and resentencing, the six days she earned while in community corrections, and the 396 days of PSCC awarded at her original sentencing hearing should have resulted in an award of 675 days of PSCC. The mittimus must be corrected accordingly.

### III. Disposition

¶ 25    We affirm Gonzalez's sentence but reverse the district court's order awarding an incorrect amount of PSCC and remand for the court to correct the mittimus.

JUDGE HARRIS and JUDGE TOW concur.